UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10926-GAO

LESTER M. RINGLER,
Plaintiff,

v.

LEIDOS, INC. and DAVID DARKOW,
Defendants.

OPINION AND ORDER
September 24, 2019

O'TOOLE, D.J.

The plaintiff, Lester M. Ringler, originally filed this action against the defendants Leidos, Inc. and David Darkow in Massachusetts Superior Court. Counts I, II, and III of the complaint are against Leidos for discrimination in violation of Massachusetts General Laws Chapter 151B on the basis of disability, perceived disability, and unlawful retaliation. Counts IV, V, VI present the same three claims against Darkow as an individual. Count VII[1] is against Darkow for the state law tort of intentional interference with contractual and advantageous relationships. Before the Court are Leidos's motion to compel arbitration and dismiss (dkt. no. 12) and Darkow's motions to substitute the United States as a party (dkt. no. 18) and to dismiss (dkt. no. 20).

**I.     Motion to Compel Arbitration and Dismiss**

A party seeking to compel arbitration must demonstrate "that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by

---

[1] The plaintiff's complaint has two counts listed as "Count VI." The first listed Count VI is for retaliation and I will refer to it as Count VI. The second Count VI is for intentional interference and I will refer to it as Count VII.

that clause, and that the claim asserted comes within the clause's scope." Intergen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003). In assessing whether an agreement to arbitrate exists, courts "should apply ordinary state-law principles that govern the formation of contracts." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Leidos seeks to enforce an arbitration agreement that the plaintiff signed on November 14, 2008. Leidos submitted a copy of the signed agreement. There is no dispute that Ringler's claims against Leidos fall within the scope of the proffered arbitration agreement. Ringler instead argues that Leidos may not enforce the agreement because it is not a signatory to the agreement, which was made with Science Applications International Corporation ("SAIC").

The argument is meritless. Leidos's exhibits supporting its motion show that SAIC changed its name to Leidos, Inc. in 2013. It did not change its corporate existence or form.

"Once the corporate existence has begun, even though the stockholders, directors and corporate name may change, the corporation retains the same rights, liabilities and responsibilities until dissolved." Seagram Distillers Co. v. Alcoholic Beverages Control Comm'n, 519 N.E.2d 276, 281 (Mass. 1988) (quotation omitted); see also Roach v. Navient Sol. Inc., 165 F. Supp. 3d 343, 349 (D. Md. 2015) (allowing motion to compel arbitration where Navient Solutions, Inc. (NSI) was formerly known as Sallie Mae, Inc. (SMI) because "[w]hatever rights SMI may have held necessarily accrue to NSI" as "they are one and the same"). The corporation now named Leidos has the same contract rights that were held by it when it was named SAIC. The arbitration agreement binds Ringler.

The plaintiff also opposes the motion to compel arbitration because Leidos did not make any demand for arbitration in the administrative proceedings that occurred prior to the commencement of this litigation. He argues it therefore should be barred from compelling

arbitration for equitable reasons including estoppel and laches. Those issues are for the arbitrator to decide. Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983)). Ringler's arguments against enforcing the agreement to arbitrate are not persuasive.

## II. Motion to Substitute and Motion to Dismiss

The Westfall Act protects federal employees from civil suits "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the action "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." Id. § 2679(d)(1). A plaintiff challenging such a certification bears the burden to prove under state law that the defendant acted outside the scope of his employment during the alleged misconduct. See Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 685 (1st Cir. 1999); Lyons v. Brown, 158 F.3d 605, 609–10 (1st Cir. 1998). "If the certification stands, the defendant federal employee is immune from suit on claims arising from certified conduct, and the United States is substituted as the defendant with regard to those claims." Lyons, 158 F.3d at 606–07.

Under Massachusetts law, an employee's conduct is within the scope of employment if it (1) "is of the kind he is employed to perform"; (2) "occurs substantially within the authorized time and space limits"; and (3) "is motivated, at least in part, by a purpose to serve the employer." Wang Lab., Inc. v. Bus. Incentives, Inc., 501 N.E.2d 1163, 1166 (Mass. 1986).

3

The United States, through the United States Attorney for this district, filed a certification pursuant to 28 U.S.C. § 2679 stating that Darkow was "acting within the scope of his employment with the federal government at the time of the incidents alleged in plaintiff's complaint." (Reply Br., Ex. A (dkt. no. 26-1).) Ringler does not challenge that general proposition, but rather argues that harmful tortious behavior cannot be considered to be acts within the legitimate scope of employment. He contends that intentional discrimination and retaliation actions could never legitimately serve an employer and therefore must be considered outside the scope of his duties. Accepting this would essentially negate the Westfall Act's purpose in substituting the federal employer for the alleged tortfeasor employee. "The scope of employment is 'not construed restrictively' and intentional torts lie within the scope of employment in a 'variety of situations.'" Gindi v. Norton, 216 F. Supp. 3d 199, 204 (D. Mass. 2016) (quoting Com. v. Jerez, 457 N.E.2d 1105, 1108 (Mass. 1983)). Darkow's actions were done within the scope of his employment as one of Ringler's supervisors.

Count VII, a tort claim, is not actionable against Darkow because of the valid certification that Darkow's actions were within the scope of his employment, so the United States is the proper defendant. See 28 U.S.C. § 2679(d)(2). The employee defendant for whom the United States is substituted is absolutely immune from a tort claim arising out of his employment, even if suit is also precluded against the United States by statutory proscription. Suits for interference with contract rights constitute one categorical exclusion. Id. § 2680(h); see Strunk v. Odyssey Consulting Grp., Ltd., Civil Action No. 10-cv-12174-DJC, 2011 WL 3567025, at *6 (D. Mass. Aug. 11, 2011) (dismissing a tortious interference with advantageous relationships and contractual relations claim against the United States, as substituted for its employee, because the United States is immune). "When the United States retains immunity from suit, certification disarms plaintiffs.

They may not proceed against the United States, nor may they pursue the employee shielded by the certification." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 427 (1995).

Additionally, the employment discrimination claims alleged in Counts IV, V, and VI purport to be brought under Massachusetts Gen. Laws ch. 151B. These claims cannot be pursued against the United States because it has not consented to suit under state-law discrimination statutes. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citation omitted).

Counts IV, V, and VI are dismissed because there has not been any waiver or consent to be sued by the United States for claims under Mass. Gen. Laws ch. 151B. Count VII is barred under the FTCA.

### **III.** **Conclusion**

For the foregoing reasons, Leidos's Motion to Compel Arbitration and to Dismiss Plaintiff's Claims (dkt. no. 12) is GRANTED and Darkow's Motion to Substitute Defendants (dkt. no. 18) and Motion to Dismiss (dkt. no. 20) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge